## *In re* PONG AH CHEE.

*District Court, D. Colorado.* November 14, 1883.)

CHINESE IMMIGRATION — CERTIFICATE REQUIRED BY THE ACT OF MAY 6, 1882, FROM CHINESE LABORERS RETURNING TO THIS COUNTRY.

The petitioner, having full knowledge of the law requiring the production of the certificate provided for under the third section of the act of May 6, 1882, by Chinese laborers having left this country and desiring to return after the passage of said act, failed to apply for such certificate upon leaving this country, for the reason that he had no expectation of returning to the United States. *Held*, that he had, by his own omission, renounced the right secured to him by the treaty, by neglecting to procure the evidence of that right, which the law requires and which it was entirely within his power to obtain.

See case of *Chin A On, ante,* 506.

Habeas Corpus.

*S. G. Hilborn,* U. S. Atty., for the United States.

*A. P. Van Duzer,* for the petitioner.

HOFFMAN, J. The petitioner in this case claims the right to re-enter the United States, on the ground that he was a resident of the United States at the date of the treaty, and is therefore protected by its second article. He admits that he is a Chinese laborer; that he left the United States after the law of May 6, 1882, went into effect; and that he voluntarily omitted to procure the certificate in that law mentioned, for the reason that he had no expectation of returning to the United States.

The third section of the act of May 6, 1882, is as follows:

"That the two foregoing sections shall not apply to Chinese laborers who were in the United States on the seventeenth day of November, 1880, or who shall have come into the same before the expiration of ninety days next after the passage of this act, and who shall produce to such a master before going on board such vessel, and shall produce to the collector of the port in the United States at which such vessel shall arrive, the evidence hereinafter in this act required, of his being one of the laborers in this section mentioned."

Under this section it has recently been held by this court that the Chinese laborers referred to were those who were in the United States at the periods mentioned, and who might leave the United States after the act went into effect, but that the act could not be construed to require the production of the certificate from those laborers who left the United States before the passage of the law, or before it went into effect.

It was considered by the court that the second article of the treaty

secured to Chinese laborers in the United States, at the date of the
treaty, the right "to go and come of their own free will and accord,"
and that it could not have been the intention of congress to deprive
them of this right by exacting from them, as a condition of its exer-
cise, the production of a certificate which it was impossible for them
to procure. But it was also considered that Chinese laborers leaving
the United States after the law went into effect, and who might wish
to avail themselves of the privilege secured to them by the second ar-
ticle of the treaty, might properly, and without a violation of the let-
ter or spirit of the treaty, be required to procure the certificate (which
the act directs shall be furnished to them without charge) as a means
of identification, and as furnishing the best, if not the only, method
of preventing evasions of the law.

In the case at bar the petitioner deliberately, and with full knowl-
edge of the law, omitted to apply for his certificate, for the reason
that he had no expectation or hope of ever returning to the United
States. He has thus, by his own act or omission, renounced the
right secured to him by the treaty, by neglecting to procure the evi-
dence of that right, which the law requires and which it was entirely
within his power to obtain. I am therefore of the opinion that the
application of the petitioner should be denied.