**Ex parte ONG QUONG.**

No. 20888.

District Court, N. D. California, S. D.
May 19, 1932.

Joseph P. Fallon, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., for respondent.

**KERRIGAN, District Judge.**

The detained, in whose behalf the petition in this case is filed, obtained his laborer's return certificate upon the ground that he had property of the value of $1,000 in the United States. The immigration authorities have found that he did not have such an amount of property when he left the United States or at the time of his return. After considering the evidence presented to the Board of Special Inquiry, I not only believe that the hearing upon this point was fair and reasonable, but I also find that the finding was amply supported by the evidence.

It is urged in the petition for writ of habeas corpus that, independently of this claimed ground of admission, the petitioner is entitled to return on the ground that he has a father who is a resident of the United States. It is argued by the government that this ground of admission, not having been claimed in the hearing before the Board of Special Inquiry, may not be urged in these proceedings. It is not necessary to pass upon this question, since I would not grant the writ on this ground without the assistance of a hearing upon the point by the immigration authorities. It is further claimed that the detained, by failing to set up in his application for his return certificate that he had a father residing in the United States, is barred from now claiming this as a ground of admission. I disagree with this view. If a Chinese laborer has a wife and child and parent in the United States, has $1,000 in the bank and debts due him of like amount, but asks for his return certificate only on the ground of having $1,000 in the bank, it would be manifestly unfair to deny him admission because the bank had failed during his absence and he no longer had the money. It must be remembered that Chinese laborers are often ignorant men and badly advised by those having a slight or erroneous knowledge of the law. To hold them to a high degree of formalism in fully stating and relying on all existing grounds for the issuance of a return certificate would amount to unfairness and arbitrariness. It is apparent from the record that the immigration authorities do not follow in practice a strict application of this theory. In fact, they departed from it in this very case in permitting the detained to introduce evidence of having "debts of like amount due him and pending settlement (8 USCA § 276)," which was not a ground of return upon which the certificate was issued. The brief in behalf of petitioner refers to another immigration case, in which there was a dispute on the

question of debts, but the detained was admitted on the ground that he had a father residing here. The case of Pong Ah Chee (D. C.) 18 F. 527, does not control the decision of this case, because in that case there was no return certificate issued. Here one was issued, but not upon all of the grounds which the detained might have claimed.

The fact that the immigration authorities found against the detained's claims of right of re-entry on the ground of having property in the sum of $1,000 should not affect the decision on his right to re-enter on the ground under discussion except in so far as his testimony in the former hearing may affect his credibility as a witness in the subsequent proceeding.

It is ordered that the petition for a writ of habeas corpus be, and the same is hereby, denied, without prejudice, and the matter is referred to the Commissioner of Immigration for further hearing as to whether or not the detained had at the time of the issuance of the return certificate a father residing in the United States who has continuously been and now is a resident thereof, and, in the event that it appears at such hearing that such is the case, I direct that the detained be admitted.